UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA KRAMER-SCHWARZ : | |
| 310 West Center Street : | CIVIL ACTION |
| Tremont, PA 17981 : | |
|       Plaintiff, : | NO.: |
| : | |
|    v. : | |
| : | |
| NEW YORK LIFE GROUP INSURANCE : | |
| COMPANY : | |
| 51 Madison Avenue : | |
| New York NY 10010 : | |
|       Defendant. : | |

## COMPLAINT

Plaintiff, Pamela Kramer-Schwarz, hereby brings a civil action against Defendant, New York Life Group Insurance, based on the following:

### The Parties

1. Plaintiff, Pamela Kramer-Schwarz (Kramer), an adult individual, is a citizen of the Commonwealth of Pennsylvania, who presently resides at 310 West Center Street, Tremont, PA 17981.

2. Defendant, New York Life Insurance Company (New York Life), is upon information and belief an insurance company licensed to do business in the Commonwealth of Pennsylvania. Upon information and belief, New York Life's principal mailing address for purposes of effectuating service of process is 51 Madison Avenue, New York, NY 10010.

3. At all times material hereto prior to Plaintiff's disability, she was employed by The Milton S. Hershey Medical Center (Hershey), and pursuant to Plaintiff's employment with

Hershey, she was eligible to receive long term disability benefits pursuant to the Hershey-sponsored Group Long Term Disability Plan ("The Plan").

4. This Court has jurisdiction pursuant to the Employment Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. §1132(a).

5. Venue is proper in this matter pursuant to Title 28, United States Code, Section 1391(a), in that at all times material hereto, the Plaintiff was eligible for benefits pursuant to The Plan, and Plaintiff was employed within the Commonwealth of Pennsylvania.

6. At all times material hereto, Defendant Provident acted by and through its agents, servants, and employees who acted within the scope of their authority from Defendant.

## THE FACTS
## PLAINTIFF'S LONG TERM DISABILITY PLAN

7. The allegations in paragraphs 1 through 6 are incorporated herein by reference as if fully set forth herein.

8. Plaintiff was continuously employed as an operating room nurse for Hershey through November 9, 2018.

9. At all material times hereto, Plaintiff has been eligible for benefits under Hershey's Group Long Term Disability Plan. The Plan provides for payment of 66 2/3% of an employee's salary in the event of disability. At the time of Plaintiff's disability, her gross monthly income was approximately $7,581.60, resulting in a monthly benefit amount of approximately $5,054.00. After offsets totaling $2,539.00 per month, Plaintiff's net monthly benefit amount is approximately $2,515.00.

10. Upon information and belief, the Policy provides in pertinent part as follows:

>Definition of Disability/Disabled...
>
>After Disability Benefits have been payable for 24 months, the Employee is

considered Disabled if, solely due to Injury or Sickness, he or she is:

1. Unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and

2. Unable to earn 80% or more of his or her indexed earnings.

11. Said policy qualifies as an employee benefit plan under ERISA.

12. As set forth in greater detail below, at all material times hereto, since November 9, 2018, Plaintiff has suffered from severe residual affects secondary to, in part, sarcoidosis and multiple sclerosis.

## DEFENDANT'S ARBITRARY AND CAPRICIOUS TERMINATION AND DENIAL OF PLAINTIFF'S LONG TERM DISABILITY BENEFITS

13. The allegations in paragraphs 1 through 12 are incorporated herein by reference as if fully set forth herein.

14. As set forth in greater detail below, at all material times hereto, since March 29, 2018, Plaintiff has suffered from severe residual effects secondary to her conditions.

16. On or about May 13, 2021, Defendant terminated Plaintiff's claim for LTD benefits as of May 10, 2021.

17. On or about December 22, 2021, Plaintiff filed an appeal of Defendant's denial of benefits.

18. On or about March 17, 2022, Defendant issued a decision, denying benefits from May 10, 2021, forward.

17. On or about December 22, 2021, Plaintiff filed an appeal of Defendant's denial of benefits.

18. On or about May 31, 2022, Defendant issued a final decision, denying benefits from May 10, 2021, forward.

19. Defendant arbitrarily and capriciously denied Plaintiff's claim for LTD benefits.

20. In accordance with the terms of the Policy, Kramer is eligible to receive monthly disability benefits until the earliest of the following dates: (1) June 16, 2030; or (2) the date upon which she fails to cooperate with the Defendant in the administration of the claim.

21. Because the Defendant was to have provided this employee benefit plan which is covered by ERISA, the Defendant is obligated to abide by the terms and conditions as stated in its own policy of coverage.

22. Under ERISA, the Defendant New York Life is bound to honor its own contract.

23. Defendant has arbitrarily and capriciously failed and refused to abide by the terms and conditions as stated in its own policy.

**WHEREFORE**, Plaintiff Pamela Kramer-Schwarz demands judgment against Defendant New York Life in the amount of 66 2/3% of Plaintiff's gross monthly salary, less applicable offsets, as per the express terms of the Policy, commencing as of May 10, 2021, and continuing thereon until the death of the Plaintiff or the cessation of Plaintiff's total disability, together with costs, interest, attorneys' fees and such other and further relief as this Court deems just and proper.

        **Respectfully Submitted,**

        **LAW OFFICE OF JAMIE R. HALL**

**DATED:  09/13/2022**         /s/

        **JAMIE R. HALL, ESQUIRE**
        PA Atty. #207376
        Law Office of Jamie R. Hall
        110 E. State St., Ste. 12
        Kennett Square, PA 19348
        (P) (610)570-5253
        (F) (215)853-3644
        jhall@jrhlegal.com
        Attorney for Plaintiff